| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| EASTERN DISTRICT OF CALIFORNIA | |
| ANTOINE DESHAWN BARNES, | Case No. 1:20-cv-00389-DAD-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| W. YAND, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

Antoine Deshawn Barnes ("Plaintiff) is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on March 16, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915. Plaintiff is in the custody of the Kings County Sheriff. It is unclear from the complaint whether Plaintiff is a pretrial detainee or a prisoner.

On February 28, 2020, Plaintiff left Walmart after buying a bag of potato chips and walked across the street into the Lowe's parking lot. He was headed toward 12th Avenue back to the Amtrak station. Hanford Police Officer W. Yand drove up behind Plaintiff. Officer Yand frisked Plaintiff without probable cause or any reason. Plaintiff was wearing a black backpack and black sweater because it was cold. He was eating a bag of potato chips.

Plaintiff brings this action against Officer Yand, the Hanford Police Department, and the Mayor of Hanford. He alleges that he was subjected to an illegal stop and frisk in violation of

1 the Fourth Amendment, racial profiling, and cruel and unusual punishment in violation of the
2 Eighth Amendment. He is seeking 1.5 million dollars in damages and to have the FBI seize all
3 of Officer Yand's property.

## III.

## DISCUSSION

### A. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185.

#### 1. Mayor of Hanford

Plaintiff brings this action against the Mayor of Hanford alleging it is an injustice on behalf of the mayor. However, there is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. In other words, Plaintiff must link each named defendant with an act that violated his federal rights. Plaintiff has failed to allege any facts that would lead the court to reasonably infer that the Mayor of Hanford violated Plaintiff's federal rights. Iqbal, 556 U.S. at 678. Plaintiff has failed to state a claim against the Mayor of Hanford.

#### 2. Hanford Police Department

Plaintiff also brings this action against the Hanford Police Department. A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002). "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403. Here, Plaintiff's complaint is devoid of any allegations that the Hanford Police Department had a policy that deprived him of his federal rights. Plaintiff has failed to state a claim against the Hanford Police Department.

**B.    First Amendment**

On his complaint form, Plaintiff checked the box that this action is brought for retaliation. To state a claim for retaliation under the First Amendment, Plaintiff must allege that "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016).

Here, the complaint contains no allegations that Plaintiff was engaged in any constitutionally protected activity or that such activity was a substantial or motivating factor for any conduct alleged. Plaintiff has failed to state a claim for retaliation.

**C.    Eighth Amendment**

Plaintiff alleges that the stop and frisk was unusual punishment in violation of the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment

4

protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). The Eighth Amendment does not apply to Plaintiff's claims in this action.

**D.     Fourth Amendment**

Plaintiff's claims alleging an unlawful search and seizure arise under the Fourth Amendment. The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

A police officer may make a brief investigatory stop to investigate possible criminal behavior when he has reasonable suspicion that criminal activity may be afoot. U.S. v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir. 200). "[R]easonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." Montero-Camargo, 208 F.3d at 1129. This requires an assessment based on the totality of the circumstances and the circumstances must arouse reasonable suspicion that the particular individual being stopped has committed or is about to commit a crime. Id.

Law enforcement officers do not implicate the Fourth Amendment by merely approaching an individual on the street and inquiring if he is willing to answer some questions. U.S. v. Washington, 490 F.3d 765, 770 (9th Cir. 2007); U.S. v. Kim, 25 F.3d 1426, 1430 (9th Cir. 1994). Here, Plaintiff was walking in a retail area around midnight wearing dark clothing and a backpack. Based on the allegations in Plaintiff's complaint, it would be reasonable for Officer Yand to approach Plaintiff and inquire if he was willing to answer some questions. Plaintiff's complaint does not include sufficient factual allegations for the Court to infer that

Officer Yand violated the Fourth Amendment by stopping Plaintiff.

Plaintiff alleges that Defendant Yand subjected him to an illegal search by frisking him. "Generally, if an officer has a reasonable articulable suspicion that a person 'pose[s] a threat to his safety or the safety of others, he [can] detain him to conduct an investigatory, 'pat down' frisk, consistent with the Fourth Amendment's prohibition against 'unreasonable searches and seizures.' " United States v. Davis, 530 F.3d 1069, 1082 (9th Cir. 2008) (quoting United States v. Terry–Crespo, 356 F.3d 1170, 1173 (9th Cir. 2004) and United States v. Sokolow, 490 U.S. 1, 7 (1989)). "A lawful frisk does not always flow from a justified stop." Thomas v. Dillard, 818 F.3d 864, 876 (9th Cir. 2016), as amended (May 5, 2016) (quoting United States v. Thomas, 863 F.2d 622, 628 (9th Cir. 1988)). Rather, "[e]ach element, the stop and the frisk, must be analyzed separately; the reasonableness of each must be independently determined." Id.

Here, the Court has previously taken judicial notice that Plaintiff failed to appear in his criminal case and a bench warrant issued. See Screening Order Granting Plaintiff Leave to File Amended Complaint, p.3, n.1, Barnes v. Hanford Superior Court Judge, no. 1:18-cv-00390-SAB (E.D. Cal.). The Court takes judicial notice that in The People of the State of California v. Antoine D. Barnes, no. 18CM-5115 (Kings Cty. Sup. Ct.),[1] on February 10, 2020, Plaintiff appeared in custody and was held to answer. A bail review was held on February 25, 2020, and Plaintiff was again held to answer.

The incident alleged in the complaint occurred on February 28, 2020 and Plaintiff apparently was out of custody at that time. He was walking in a retail area around midnight and heading for the Amtrak station. However, Plaintiff was back in custody when this complaint was filed on March 6, 2020. Based on these circumstances, the Court cannot reasonably infer that Officer Yand conducted an unreasonable search that violated the Fourth Amendment. To state a

---

[1] Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of the docket of the Kings County Superior Court. See Superior Court of California, County of Kings, Case Information for 18CM-5115, The People of the State of California v. Antoine D. Barnes, available at https://cakingsportal.tylerhost.net/CAKINGSPROD/Home/WorkspaceMode?p=0, search case no. 18cm5115 (last visited March 31, 2020).

cognizable claim, Plaintiff will be required to set forth sufficient factual allegations demonstrating that he was properly out of custody and had not been mistakenly released at the time that Officer Yand stopped him. Further, Plaintiff must set forth more factual allegations regarding the circumstances of the search itself to demonstrate that it was not a lawful search, such as a consensual search, based on officer or community safety, or a search that would be conducted when taking Plaintiff into custody.

### E. Fourteenth Amendment

Plaintiff alleges that Officer Yand racially profiled him in making the stop. The Ninth Circuit has held that reasonable suspicion may not be "based on broad profiles which cast suspicion on entire categories of people without any individualized suspicion of the particular person to be stopped." United States v. Sigmond-Ballesteros, 285 F.3d 1117, 1121 (9th Cir. 2002) (quoting United States v. Rodriguez–Sanchez, 23 F.3d 1488, 1492 (9th Cir. 1994)). A claim for racial profiling arises under the Equal Protection Clause of the Fourteenth Amendment. Whren v. United States, 517 U.S. 806, 813 (1996). To state a racial profiling claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Stone v. Van Wormer, No. 3:19-CV-00144-HZ, 2019 WL 458400, at *2 (D. Or. Feb. 5, 2019) (citing Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)).

Here, Plaintiff alleges that he is a "free black man" but there are no allegations in the complaint that Officer Yand acted with the purpose of discriminating against Plaintiff due to his race nor are there any facts alleged that would support such an inference. Plaintiff's conclusory allegations of racial profiling are insufficient to state a cognizable claim.

### F. Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff shall be provided with leave to file an amended complaint to cure the deficiencies identified in this order.

Plaintiff is advised that under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556

U.S. at 678. This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. Id. Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555. Finally, the conclusory allegations in the complaint are not entitled to the presumption of truth. Iqbal, 556 U.S. at 681. In other words, Plaintiff's amended complaint must contain sufficient factual allegations that would allow the court to reasonably infer that the defendant is liable for the conduct alleged.

## VI.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his federal rights. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**April 3, 2020**__

UNITED STATES MAGISTRATE JUDGE