# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. YAND, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00389-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS<br><br>(ECF No. 9)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Antoine Deshawn Barnes ("Plaintiff) is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed on April 14, 2020.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN FIRST AMENDED COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.  Plaintiff is in the custody of the Kings County Sheriff.

Plaintiff was released from prison on July 18, 2019.  On February 28, 2020, Plaintiff got off the Amtrak train on Lacey Boulevard in Hanford at about 10:30 in the evening.  He walked to Walmart where he bought a bag of potato chips.  Plaintiff was waiting to attend court the following day in Hanford.  Plaintiff was not committing any crime and there was no reason to suspect he was "up to no good."  Although there was no call from dispatch to be on the lookout for a black man in the area, around 11:30 p.m., Officer Yand stopped Plaintiff and frisked him.  Plaintiff contends that if Officer Yand had not frisked him he would not have ended up back in jail.

Plaintiff brings this action against Officer Yand alleging violations of the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments. He is seeking 1.5 million dollars in damages and injunctive relief.

## III.

## DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185.

### A. Fourth Amendment Claim

Plaintiff alleges that he was subjected to an unlawful search and seizure under the Fourth Amendment. The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

Liberally construed, Plaintiff contends that he was not engaged in any activity that would have caused Officer Yand to have reasonable suspicion to stop him or search him. At the pleading stage, Plaintiff has stated a claim against Officer Yand for an unreasonable search and seizure in violation of the Fourth Amendment.

### B. Fifth Amendment Claim

Plaintiff also alleges a violation of the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169,

3

1174 (9th Cir. 2008). Since Officer Yand is employed by the City of Hanford, he is a municipal actor and the Fifth Amendment does not apply to the claims in this action.

### C. Seventh Amendment Claim

Plaintiff claims that by stopping him and frisking him, Officer Yand violated the Seventh Amendment. The Seventh Amendment guarantees the right to a jury trial where the suit is brought to ascertain and determine legal rights rather than equitable rights alone. Teutscher v. Woodson, 835 F.3d 936, 943 (9th Cir. 2016). The Seventh Amendment is violated where an individual fails to receive or is deprived for a significant amount of time the right to a civil jury trial that he would otherwise have received. Armster v. U.S. Dist. Court for the Cent. Dist. of California, 792 F.2d 1423, 1430 (9th Cir. 1986).

Plaintiff's claim in this action is that Officer Yand unreasonably stopped him and frisked him. The complaint contains no facts that Officer Yand prevented him from receiving or otherwise delayed his right to a jury trial. Plaintiff has failed to state a claim under the Seventh Amendment.

### D. Eighth Amendment Claim

Plaintiff alleges that the stop and frisk was unusual punishment in violation of the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). At the time that the incident occurred, Plaintiff was not a pretrial detainee or a prisoner. The Eighth Amendment does not apply to Officer Yand's actions of stopping and frisking Plaintiff when he was out of custody.

### E. Fourteenth Amendment

Plaintiff alleges that Officer Yand racially profiled him in making the stop. The Ninth Circuit has held that reasonable suspicion may not be "based on broad profiles which cast suspicion on entire categories of people without any individualized suspicion of the particular person to be stopped." United States v. Sigmond-Ballesteros, 285 F.3d 1117, 1121 (9th Cir. 2002) (quoting United States v. Rodriguez–Sanchez, 23 F.3d 1488, 1492 (9th Cir. 1994)). A claim for racial profiling arises under the Equal Protection Clause of the Fourteenth Amendment.

4

1  Whren v. United States, 517 U.S. 806, 813 (1996).  To state a racial profiling claim, "a plaintiff
2  must show that the defendants acted with an intent or purpose to discriminate against the plaintiff
3  based on membership in a protected class."  Stone v. Van Wormer, No. 3:19-CV-00144-HZ,
4  2019 WL 458400, at *2 (D. Or. Feb. 5, 2019) (citing Thornton v. City of St. Helens, 425 F.3d
5  1158, 1166-67 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)).

6       Here, based on the allegations in the complaint it is inferred that Plaintiff identifies as a
7  black male.  While Plaintiff makes the conclusory allegation that Officer Yand engaged in racial
8  profiling in stopping him, there are no factual allegations in the complaint by which the Court
9  can infer that Officer Yand acted with the purpose of discriminating against Plaintiff due to his
10 race.  Iqbal, 556 U.S. at 678-79.  Rather, the complaint alleges that Plaintiff was loitering in a
11 retail parking lot at 11:30 in the evening while waiting to appear in court the following day.
12 Plaintiff's conclusory allegations of racial profiling are insufficient to state a cognizable claim.
13 Id. at 678.

14     **F.**    **Harassment**

15 Plaintiff brings this action alleging harassment, however the complaint is devoid of any
16 allegations that would state a plausible claim for harassment under section 1983.[1]  Section 1983
17 provides a remedy where there has been a deprivation of rights secured by the Constitution or
18 federal law.  Long, 442 F.3d at 1185.  " 'Harassment' is not a constitutional violation."  Garrison
19 v. Fisher, No. C 10-1441 JSW PR, 2010 WL 4735995, at *2 (N.D. Cal. Nov. 15, 2010); see also
20 Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not
21 sufficient to state a constitutional violation under section 1983); Gaut v. Sunn, 810 F.2d 923, 925
22 (9th Cir. 1987) (allegation that inmate was threatened with bodily harm does not state a claim
23 under section 1983); Phillips v. City of San Jose, No. C-94-20468 RPA (PVT), 1994 WL
24 706213, at *3 (N.D. Cal. Dec. 13, 1994) (rejecting argument that harassing plaintiff by sending
25 letters threatening criminal action, "stalking", and criminal investigations stated a claim under

---

[1] A harassment claim can arise where an arrestee is sexually harassed by a police officer.  Fontana v. Haskin, 262 F.3d 871, 880 (9th Cir. 2001).  However, not every allegation of sexual body intrusion during an arrest violates the Fourth Amendment.  Fontana, 262 F.3d at 880.  "Some bodily intrusions may be provably accidental or de minimis and thus constitutionally reasonable."  Id.  Here, Plaintiff has not alleged any facts to suggest that the search at issue went beyond normal police procedure.

section 1983).

### G. Injunctive Relief

Plaintiff seeks an order immediately making it illegal to stop and frisk in the United States.[2]

The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Here, the relief that Plaintiff seeks, an immediate injunction making stop and frisk illegal in the United States, is not narrowly drawn to correct the violation of his federal rights. Plaintiff cannot obtain such relief in this action. The Court recommends that this claim for relief be dismissed from the action.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff has stated a cognizable claim against Officer Yand for violation of the Fourth Amendment but has failed to state any other cognizable claims. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would correct the deficiencies identified herein, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d

---

[2] Plaintiff also seeks to obtain review of the city video footage of his movements on the date in question and to freeze all assets of Officer Yand until he is paid. To the extent that Plaintiff seeks an order to obtain video footage of the night in question, the Court does not conduct discovery for the parties. Once the discovery order issues in this action Plaintiff will be able to conduct discovery. Additionally, courts will not freeze assets pretrial to establish a fund in case the plaintiff prevails in the action. See Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1530 (11th Cir. 1994) ("preliminary injunctive relief freezing a defendant's assets in order to establish a fund with which to satisfy a potential judgment for money damages is simply not an appropriate exercise of a federal district court's authority").

1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

     Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed against Officer Yand for search and seizure in violation of the Fourth Amendment;
2. All other claims be dismissed from this action with prejudice; and
3. Plaintiff's request for an injunction making it illegal to stop and frisk in the United States be denied.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 16, 2020**

UNITED STATES MAGISTRATE JUDGE