# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. YAND, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00389-DAD-SAB<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE FURTHER INFORMATION REGARDING DEFENDANT YAND TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT<br><br>(ECF No. 18)<br><br>THIRTY-DAY DEADLINE |

Antoine Deshawn Barnes ("Plaintiff) is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 10, 2020, an order issued finding service of the first amended complaint appropriate for Defendant W. Yand and forwarding service documents to Plaintiff for completion and return. (ECF No. 12.) Plaintiff returned service documents on June 22, 2020, which were forwarded to the United States Marshal to effect service. (ECF No. 14.) On September 9, 2020, the summons was returned unexecuted. (ECF No. 18.) According to the information on the summons, Hanford Police Department has never employed anyone by the name of W. Yand and Hanford Human Resources states they have never had anyone by the name of W. Yand employed. (Id.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a

1

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Id. (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Id. at 1421-22.

At this time, the United States Marshal cannot serve Defendant Yand because there has never been an individual by this name employed with the Hanford Police Department. Therefore, the Court finds that is appropriate to require Plaintiff to provide the Court with further information sufficient to identify Defendant Yand for service of process.

Accordingly, it is HEREBY ORDERED that, within **thirty (30) days** from the date of service of this order, Plaintiff shall file a written response providing the Court with further information regarding Defendant Yand's identity so that the U.S. Marshal can effect service of the summons and complaint on Defendant Yand. Plaintiff's failure to respond to this order will result in the dismissal of Defendant Yand from this action.

IT IS SO ORDERED.

Dated:   **September 10, 2020**

UNITED STATES MAGISTRATE JUDGE