# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. YAND, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00389-DAD-SAB<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO PROVIDE FURTHER INFORMATION REGARDING DEFENDANT TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT AND DIRECTING THE CLERK OF THE COURT TO UPDATE PLAINTIFF'S ADDRESS<br><br>THIRTY-DAY DEADLINE |

Antoine Deshawn Barnes ("Plaintiff) is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 10, 2020, an order was filed finding that service was appropriate on Plaintiff's first amended complaint against Defendant Yand for an illegal search and seizure in violation of the Fourth Amendment and, upon return of the service documents, the United States Marshal was ordered to serve the summons and complaint. (ECF Nos. 12, 15.)

On September 9, 2020, the United States Marshal returned the service documents with the notation that no one by the defendant's name has ever been employed by the Hanford Police Department. (ECF No. 19.) On September 10, 2020, an order was filed requiring Plaintiff to provide further information regarding Defendant Yand within thirty days so that service could be effected. (ECF No. 19.)

1

On October 8, 2020, the court received multiple telephone calls from Plaintiff Barnes and his family members seeking to have him released from custody. Based on the phone calls, Plaintiff Barnes has been released from the custody of the California Department of Corrections and Rehabilitation and is now in the custody of the Monterey County Sheriff. In one of his phone calls, Plaintiff informed the Court that he was in the custody of the Monterey County Sheriff and needed an extension of time to respond to the order to provide further information regarding Defendant Yand. In subsequent calls, Plaintiff states that he previously made bail in a case in Temecula and is being illegally detained and has filed a request for release with the Monterey County Superior Court. He seeks for this court to order his release on his own recognizance and an investigation into his allegations that members of the Cartel are doing construction outside his cell and are trying to kill him. Plaintiff contends that all the deputies are corrupt and he wants them all fired and their bank accounts frozen so they do not have assets to hire attorneys to represent them.

Plaintiff is advised that the court will not accept phone calls from litigants seeking relief. If Plaintiff wishes to obtain relief in this action, he is required to file a written pleading setting forth the basis of his request and the relief requested.

Plaintiff is further advised that federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)

1  (quotations and citations omitted) (emphasis in original).  Requests for prospective relief are
2  further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires
3  that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to
4  correct the violation of the Federal right, and is the least intrusive means necessary to correct the
5  violation of the Federal right."

6  A federal court may issue emergency injunctive relief only if it has personal jurisdiction
7  over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v.
8  Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party
9  officially, and is required to take action in that capacity, only upon service of summons or other
10 authority-asserting measure stating the time within which the party served must appear to
11 defend.").  This action is proceeding against an officer of the Hanford Police Department on
12 allegations that Plaintiff was illegally stopped and arrested in violation of the Fourth
13 Amendment.  Plaintiff's complaints about being held in the Monterey County Jail when he has
14 previously paid bail are not related to Plaintiff's claims in this action and the Court does not have
15 personal jurisdiction over any official in Monterey County.  Thus, an injunction cannot properly
16 be entered against the Monterey County Sheriff Department in this action.  See Pacific Radiation
17 Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there
18 must be a "sufficient nexus between the request in a motion for injunctive relief and the
19 underlying claim itself").  For these reasons, Plaintiff cannot receive the relief that he is
20 requesting against the County of Monterey in this action.

21  The Court will update Plaintiff's address and grant an extension of time on this one
22 occasion based on the information received that Plaintiff is now in custody at the Monterey
23 County Jail.[1]  But any further changes of address or requests for relief must be filed with the
24 Court.  The Court will not respond to any further telephone calls from Plaintiff or his family
25 members seeking relief in this action.

---

[1] The Court takes judicial notice that the address provided by Plaintiff , 240 Church Street, Salinas, CA, is the address for the Monterey County Superior Court.  The Court also takes judicial notice that the mailing address for inmates at the Monterey County Jail is 1410 Natividad Rd., Salinas, CA 93906.  The Court will correct Plaintiff's address to the Monterey County Jail mailing address.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to respond to the Court's September 10, 2020 order to provide further information to effect service on Defendant Yand is GRANTED;

2. Plaintiff shall provide further information regarding Defendant Yand within **thirty (30) days** of the date of service of this order;

3. The Clerk of the Court is directed to update Plaintiff's contact information as follows:

   > Antoine Deshawn Barnes, Booking No. SN2006801
   > Monterey County Jail
   > 1410 Natividad Road
   > Salinas, CA 93906

4. The Court will not respond to any further telephone calls seeking relief in this action; and

5. Plaintiff's failure to comply with this order will result in the issuance of sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated: **October 9, 2020**

UNITED STATES MAGISTRATE JUDGE