# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. YAND,<br><br>　　　　Defendant. | Case No. 1:20-cv-00389-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO SERVE IN COMPLIANCE WITH FED. R. CIV. P. 4(m) AND FAILURE TO COMPLY WITH COURT ORDER<br><br>FOURTEEN DAY DEADLINE |

**I.**

**BACKGROUND**

Antoine Deshawn Barnes ("Plaintiff) is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 16, 2020, Plaintiff filed a complaint against the Hanford Police Department, the Mayor of Hanford, and Officer W. Yand. (ECF No. 1.) On April 3, 2020, a screening order issued finding that Plaintiff had failed to state any cognizable claims; and he was granted leave to file an amended complaint within thirty days. (ECF No. 8.)

On April 14, 2020, Plaintiff filed a first amended complaint against Officer W. Yand. (ECF No. 9.) On April 16, 2020, findings and recommendations issued recommending dismissing certain claims. (ECF No. 10.) The findings and recommendations was served on Plaintiff and contained notice that any objections were to be filed within thirty days. (Id.) No objections were filed. On June 9, 2020, the findings and recommendations was adopted and this

action is proceeding against Defendant Yand for unreasonable search and seizure in violation of the Fourth Amendment. (ECF No. 11.)

On June 10, 2020, an order was filed finding service of the complaint appropriate and Plaintiff was sent service documents for completion and return. (ECF No. 12.) Plaintiff returned the service documents on June 22, 2020. (ECF No. 14.) On June 23, 2020, an order issued directing the United States Marshal to serve the amended complaint. (ECF No. 15.) On September 9, 2020, Plaintiff's address was updated based on a notice of change of address and the summons was returned unexecuted by the United States Marshal. (ECF Nos. 17, 18.) The return notice stated, "Hanford Police Department has never employed anyone by the name 'W. Yand.' Hanford HR has also never had anyone by that name employed. They will not accept service." (ECF No. 18.)

On September 10, 2020, an order issued requiring Plaintiff to provide further information regarding Defendant Yand to effectuate service of the summons and complaint within thirty days. (ECF No. 19.) On October 9, 2020, the Court received multiple phone calls from Plaintiff and his family members seeking to have him released from custody. (See ECF No. 20.) Pursuant to the phone calls, Plaintiff had been transferred to the custody of the Monterey County Sheriff and he requested an extension of time to provide further information regarding Defendant Yand. (Id.) An order issued granting Plaintiff's request for an extension of time and directing the Clerk of the Court to update Plaintiff's address. (ECF No. 20.) Plaintiff was granted thirty days to respond to the September 10, 2020 order. (Id.)

On October 15, 2020, Plaintiff filed a notice of change of address updating his identification number. (ECF No. 21.) On October 26, 2020, the October 9, 2020 order was returned by the United States Postal Service as "Undeliverable, Attempted – Not Known." The October 9, 2020 order was reserved on this same date with the updated identification number.

More than thirty days have passed since Plaintiff was reserved with the order on October 26, 2020 and Plaintiff has not complied with or otherwise responded to the order requiring him to provide further information so that Defendant Yand can be served.

///

**II.**

**DISCUSSION**

**A.     Failure to Serve**

Here, Plaintiff was ordered to provide additional information so that the United States Marshal could serve Defendant Yand and he has failed to respond to the order. On June 23, 2020, the United States Marshal was directed to serve the first amended complaint. When the Marshal attempted to serve using the name in the complaint, they were informed that no such person had been employed by the Hanford Police Department or the City of Hanford. By an October 9, 2020 order, Plaintiff was informed that no such person by the name he provided in the complaint was employed by the Hanford Police Department and was ordered to provide additional information so that the complaint and summons could be served. Although he requested and received an extension of time to do so, Plaintiff has not responded to the September 9, 2020 order.

Rule 4(m) of the Federal Rules of Civil Procedure addresses the time requirements for service of the complaint in civil cases. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, the United States Marshal has attempted service based on the information provided in the complaint and was unable to serve the defendant. On September 9, 2020, Plaintiff was ordered to provide further information so that the United States Marshal could effectuate service on Defendant Yand. On October 9, 2020, Plaintiff was granted a thirty day extension of time to respond to the September 9, 2020 order. This order was served with the correct inmate number on October 26, 2020. The time to respond has passed and Plaintiff has not complied with or otherwise responded to the order.

Plaintiff has failed to serve the complaint in compliance with Rule 4(m) of the Federal Rules of Civil Procedure nor has he shown good cause to further extend time for service. Therefore, the Court recommends that this action be dismissed for failure to serve in compliance

3

with Rule 4(m).

### B. Failure to Comply

Additionally, on September 10, 2020, Plaintiff was ordered to provide further information to effectuate service of process in this action. He was granted an additional thirty days in which to respond and has not provided the information or otherwise responded to the October 10, 2020 order granting him an extension of time to do so.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.

Id. (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Plaintiff was ordered to provide additional information about the defendant so that the amended complaint and summons could be served within thirty days of September 10, 2020. He was granted an additional thirty days on October 9, 2020. Plaintiff has neither filed additional information nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders at issue hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance so the defendant can be served. The Marshal has attempted service and found that no person by the name provided by Plaintiff is employed with the Hanford Police Department. Plaintiff has not provided any information that would allow the Marshal to serve the complaint and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, Plaintiff is proceeding in this action *in forma pauperis* and monetary sanctions are not available. Since Plaintiff has failed to provide information in order to allow the defendant to be served evidentiary sanctions would serve no purpose. Additionally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's September 9, 2020 order requiring Plaintiff to

provide further information on the defendant expressly stated: "Plaintiff's failure to respond to this order will result in the dismissal of Defendant Yand from this action." (ECF No. 19 at 2.) The October 9, 2020 order stated, "Plaintiff's failure to comply with this order will result in the issuance of sanctions, up to and including dismissal of this action." (ECF No. 20 at 4.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order and his failure to serve the complaint.

### III.

### CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to effectuate service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure and failure to comply with the September 9, 2020 order requiring him to provide further information on the defendant.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 9, 2020**

UNITED STATES MAGISTRATE JUDGE